HERMAN BARNHARD ET AL., APPELLANTS, V. VIRGIL F. BARNHARD ET AL., APPELLEES.

FILED MARCH 12, 1912.    No. 16,639.

Appeal: AFFIRMANCE.  The evidence is found to be insufficient to support a judgment in favor of the plaintiffs, and, that being the only question presented, the judgment of the district court dismissing the action is affirmed.

APPEAL from the district court for Boone county: JAMES N. PAUL, JUDGE.  *Affirmed.*

*H. C. Vail,* for appellants.

*A. E. Garten, contra.*

SEDGWICK, J.

In the years 1880 and 1881 the defendant Virgil F. Barnhard was the owner of the quarter section of land in question, which was occupied as a homestead by himself and his wife, Minerva Barnhard.  These plaintiffs are the children and grandchildren of the defendant Virgil F. Barnhard and the said Minerva Barnhard, and have brought this action to establish an interest in their favor in the land.  They allege that during the years mentioned Virgil F. Barnhard conveyed the land by deed to his wife, Minerva Barnhard, and that some five years afterward Minerva Barnhard died, and that the children of Minerva Barnhard inherited the land from their mother subject to the life estate of Virgil F. Barnhard.  One of the daughters of the defendant Virgil F. Barnhard and Minerva Barnhard refused to join in bringing the action and was for that reason made a defendant.  Another daughter was joined as plaintiff, but afterward renounced all interest in the land and asked to be dismissed from the action. The district court found for the defendants and dismissed the action, and the plaintiffs have appealed.

The defendant Virgil F. Barnhard denied that he ever conveyed the land to Minerva Barnhard, and this is the question now presented in this appeal. The plaintiffs insist that the evidence is of such a character as to require the finding that the deed was executed and delivered as alleged.

It appears that the defendant Virgil F. Barnhard continued to occupy the premises as a homestead, and some 17 years before the commencement of this action he was married again, and together with his present wife has continued to occupy the premises as their home up to the present time. If the contention of the defendant is right and no deed was executed by him to his former wife, his present wife has an interest in the land and will be entitled to occupy the same as her home during her life. She was not made a party to these proceedings, but this fact is not now insisted upon, and we will dispose of the case upon other grounds.

The plaintiffs called one W. J. Nelson as a witness, who had resided at Albion, in Boone county (in which county the land lies), for several years from 1871 to 1882, and was well acquainted with Mr. and Mrs Barnhard. He appears to be a reliable witness, and testified that he remembered the transaction of making a deed "for that homestead land," and that in 1880, or "along there some time," Mr. Barnhard and his wife came to him "about some protection against a debt. I think it was some collections that the bank held against them. I think it was a thrashing machine they had some difficulty about, and they were pressed about the matter and spoke to me about what would be exempt, and the matter was talked over at that time, and they had more land than their homestead and they inquired of me about making a deed to his wife. I had some doubt whether a man could deed to his wife. It was an unsettled question at that time, and I had to take some time to examine into it, and I decided they could and I made a deed for them and turned it over to Mrs. Barnhard." They also called a Mr. Robinson as

a witness, who testified that about the year 1882, "or in the early eighties," he had a conversation with Mr. Barnhard; that they were both in debt at the time and had several talks "about how to fix our respective properties so we could protect ourselves against claims of former creditors until we were ready to sell our properties and pay these claims;" that Mr. Barnhard told him that he had a Mr. Nelson make a deed from him to his wife, Minerva Barnhard, of his quarter section, and that Mr. Barnhard said he had fixed it so his creditors could not bother him; and that he was not worrying about the claim "because he had it fixed so they could not touch the property, as it was deeded to his wife, Minerva Barnhard." The plaintiffs offered to prove that it was common rumor in the neighborhood that Mr. Barnhard had deeded the homestead to his wife. Upon objection this evidence was excluded. We suppose that this ruling was proper and that the court properly disregarded any incidental statements of that nature that appeared in the evidence of some of the witnesses. We have stated substantially all of the evidence upon which the plaintiffs rely to obtain a reversal of the judgment of the trial court and for a judgment in their favor. An attempt was made to impeach the witness Robinson, and there is evidence tending to show that his evidence is somewhat unreliable. It will be observed that the plaintiffs' evidence is quite indefinite as to the contents of the deed. The land supposed to have been conveyed is not identified, except by the statement that it was Mr. Barnhard's homestead. It consisted of the S. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of a certain section, and was one mile in length and 80 rods wide. The transaction that Mr. Nelson testifies to and the conversation between Mr. Barnhard and Mr. Robinson (if the latter's testimony is to be believed) all occurred more than 30 years before the trial. No such deed was ever recorded. If it existed it was kept among the other family papers. Soon after the alleged conveyance Mr. Barnhard mortgaged the land to secure indebtedness of his own, and Minerva Barnhard joined

with him, executing the mortgage as his wife. No claim was made by Mrs. Barnhard or by any of these plaintiffs of any interest in the land until this action was begun. There was no evidence tending to show that Mr. Barnhard conveyed this land to his wife as a gift. So far as any motive is shown for making and receiving this deed it was for the purpose of delaying creditors. The plaintiffs allege this to be a sufficient reason for making the conveyance because the land, although the homestead at that time and not worth more than $2,000, was increasing in value, and for that reason both parties to the deed thought that they would be more secure if the conveyance were made. But, nevertheless, the plaintiffs also contend that there could be no fraudulent intent on the part of the parties to the deed, which would prevent the interference of a court of equity on behalf of either of them, because the land was a homestead and wholly exempt. If such a conveyance was innocently made and was not intended nor received as a gift, it would convey no beneficial interest. The defendant Barnhard testified directly and positively that no such deed was ever executed. There are other circumstances than those already suggested which tend to support him in this testimony. No such deed could be found, and, even if it were executed for the purpose of protecting the parties to it against the claims of creditors, it was afterward disregarded by both parties when they mortgaged the land, and was evidently never delivered and relied upon as a valid conveyance. We think that the evidence is wholly insufficient to establish the plaintiffs' claim.

The judgment of the district court is

AFFIRMED.